```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FRANK L. BELLEZZA, JR.,                  :
                                         :      05 CIV. 98 (DLC)
                Plaintiff,               :
                                         :    MEMORANDUM OPINION
        -v-                              :         & ORDER
                                         :
BRIAN FISCHER, Superintendent of Sing    :
Sing Correctional Facility,              :
                                         :
                Defendant.               :
                                         :
---------------------------------------- X
```

Appearances

For plaintiff:
Frank L. Bellezza, pro se

For defendant:
Neil Shevlin
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

By Opinion and Order of October 24, 2006 ("October Opinion"), the Court granted in part defendant Brian Fischer's ("Fischer's") motion for summary judgment. Bellezza v. Fischer, No. 05 Civ. 98 (DLC), 2006 WL 3019760 (S.D.N.Y. Oct. 24, 2006). Familiarity with the facts and legal analysis set forth in the October Opinion is presumed. Because plaintiff Frank L. Bellezza's ("Bellezza's") submissions did not state with

sufficient clarity that he was asserting an Eighth Amendment claim based on events between January and September 2004, Fischer was permitted an additional opportunity to brief the issue of whether summary judgment is appropriate with respect to that claim.

Fischer's renewed motion for summary judgment is denied.  A genuine issue of fact remains as to whether inmates complained to Fischer that the discolored water at Sing Sing Correctional Facility ("Sing Sing") was causing them to experience "extreme discomfort" during the period from January to September 2004. Fischer concedes that he was aware of periods of water discoloration between January and September 2004, each lasting one to several days.  He avers that it was not necessary to take corrective action because, prior to September 2004, these periods were brief.  He offers evidence that he and Sing Sing Plant Superintendent Bruce Carver drank tap water at Sing Sing during the months of January to September.  He adds, "had any problems been brought to my attention during this period, I would have taken steps to remedy them."

In addition to his own statement that he personally advised Fischer about "the brown water and its ill effects on several occasions" during this nine-month period, Bellezza presents an affidavit from fellow inmate Johnny Rios, who states that he also complained directly to Fischer in the middle of April 2004

that the brown water was making him sick.  Rios provides details as to the location and length of the alleged conversation.  This evidence, viewed in a light favorable to Bellezza, creates a genuine issue of fact as to whether Fischer was made aware that the water was causing extreme discomfort to inmates, and whether Fischer's failure to ameliorate the water problem constituted deliberate indifference to inmate health or safety in violation of the inmates' clearly established Eighth Amendment rights.  See Scott v. Harris, 127 S.Ct. 1769, 1774 (2007).  Even though Fischer has offered evidence that the discolored water was actually safe to drink, the conflicting evidence that inmates could not drink or bathe with it without suffering extreme discomfort continues to create a genuine issue of material fact as to whether the inmates actually suffered a constitutional deprivation.  2006 WL 3019760, at *4.

    Fischer's argument that the damages claim against him is barred by the Eleventh Amendment to the United States Constitution fails for the reason set forth in the October Opinion.  Id. at *5 n.5.  Bellezza's claim for damages is construed as a claim against Fischer in his personal, not official, capacity.

CONCLUSION

Fischer's renewed motion for summary judgment is denied.

SO ORDERED:

Dated:   New York, New York
         July 16, 2007

                              _____
                                      DENISE COTE
                              United States District Judge